OPINION OF THE COURT
Martin B. Stecher, J.
Defendant judgment debtor seeks relief (CPLR 5240) from an income execution (CPLR 5231) on the grounds that the judgment debtor’s earnings are subject to an order of maintenance and child support which results in a diminution of his weekly earnings by more than 25% (CPLR 5231 [b] [iii]).
*545 The claimed statutory bar to the plaintiffs income execution is not shown to exist. This 1987 enactment (CPLR 5231 [b] [in]) provides that, "if the earnings of the judgment debtor are also subject to deductions for alimony, support or maintenance for family members or former spouses pursuant to” CPLR 5241 or 5242 "the amount withheld pursuant to this section shall not exceed the amount by which twenty-five percent of the disposable earnings of the judgment debtor for that week exceeds the amount deducted in accordance with” CPLR 5241 and 5242. (Emphasis supplied.)
The judgment debtor’s moving papers assert that his gross annual salary for 1989 was $28,006.79; that for the same year his "disposable earnings” (CPLR 5231 [c] [ii]) were $20,168.56; that his anticipated gross earnings for 1990 are $26,700; that his 1990 "disposable earnings” will be $19,200; and that he is obligated to pay $150 per week "pursuant to [a] judgment of divorce”.
The document on which he relies is a 1983 divorce judgment issued in Supreme Court, Nassau County (CPLR 5241 [a] [1]) which among other decretal provisions, directs the judgment debtor to make certain payments for child support and spousal maintenance.
The divorce judgment is not, however, an order directing an income execution or income deduction under either CPLR 5241 or 5242. Such an order may only be issued after a default in an order of support (CPLR 5241 [b]) or upon other application of the "creditor” entitled to support or maintenance (CPLR 5242 [b]).
It would thus appear that the judgment debtor who is honorably discharging his obligations under a divorce decree is entitled to less protection under the income execution laws than the scoundrel who must be pursued by courts, Sheriffs and the like to coerce him into supporting his former wife and children.
The judgment debtor is not adequately shown to be such a scoundrel and accordingly may not have the relief demanded.
I am well aware that this statute (CPLR 5231) and my interpretation of it may have the effect of tempting if not inducing divorced husbands or wives to withhold support obligations in order to obtain the benefit of this statutory proviso; but, as we are so often told, courts are here to apply the laws and not rewrite them.
*546 The motion is denied. The restraint contained in my order of November 29, 1990 is vacated 20 business days after service of a copy of this order with notice of entry, so that the judgment debtor may seek review of what appears to be a first interpretation of CPLR 5231 (b) (iii).